UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY LOUIS SASSO, | ) | 1:09-cv-00895-OWW-JLT HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO GRANT PETITIONER'S MOTION TO DISMISS WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS (Doc. 18) |
| v. | ) | |
| | ) | ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |
| FEDERAL BUREAU OF PRISONS, et al., | ) | |
| Respondents. | ) | |

Petitioner is a federal prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

**BACKGROUND**

On May 21, 2009, Petitioner filed the instant petition challenging the Bureau of Prisons ("BOP") policies and regulations relating to the transfer of inmates from prison facilities to Residential Reentry Centers ("RRCs"). (Doc. 1). On September 18, 2009, the Court ordered Respondent to file an answer. (Doc. 13). On December 16, 2009, Respondent file the answer to the petition. (Doc. 17). On December 22, 2009, Petitioner filed the instant letter to the Court in which Petitioner alleges that, "[a]fter receiving and reading the Government's response to the petition that I filed, I realized that I have wasted the Court's valuable time and have put the Government to unnecessary research and filings as they are correct in that the petition that I submitted lacks the

requisite subject matter jurisdiction needed to proceed and even if jurisdiction was established the point [is] moot since the Bureau of Prisons have changed their policy concerning RRC placement." (Doc. 18). Petitioner concludes by asking that the petition be dismissed as moot or premature "since I did not exhaust the administrative remedies as required under the PLRA." (Id.). To date, Respondent has not filed a response to Petitioner's letter motion.

## **DISCUSSION**

Subject to other provisions of law, a Petitioner may voluntarily dismiss an action without leave of court before service by the adverse party of an answer or motion for summary judgment. Fed. R. Civ. P. 41(a). Otherwise, an action shall not be dismissed except "upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). A motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) should be granted unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal. See Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 20010); see also Stevedoring Svcs. Of America v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989)(stating that the purpose of Rule 41(a)(2) is "to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced...or unfairly affected by dismissal.") "[L]egal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal. Smith, 263 F.3d at 976. Rather, legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." See Smith, 263 F.3d at 976.

Here, Respondent had filed an answer before Petitioner filed his request for dismissal. No stipulation for dismissal has been filed in this case. See Fed. R. Civ. P. 41(a)(1). Accordingly, the motion to dismiss lies in the discretion of the Court, and the Court should grant Petitioner's motion unless Respondent will suffer legal prejudice thereby. Smith, 263 F.3d at 975. Without question, Respondent has already expended time and resources in this case by filing an answer to the instant petition. Nevertheless, in the time since Petitioner filed his motion to dismiss, Respondent has not filed an opposition to Petitioner's motion nor has Respondent suggested in any way that Respondent would be legally prejudiced should the Court grant the motion to dismiss. Nothing in the record now

before the Court suggests that the dismissal is being sought for improper motives or to gain a tactical advantage. It appears to the Court that, upon review of the arguments in Respondent's answer, Petitioner has concluded that his petition lacks merit and has simply decided to abandon his petition.

Under these circumstances, the Court concludes that Respondent would not be legally prejudiced by the dismissal of this action, and therefore recommends the same.

## **RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that Petitioner's Motion to Dismiss the petition (Doc. 18), be GRANTED.

This Findings and Recommendations is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy of this Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 15, 2010**                              **/s/ Jennifer L. Thurston**
                                                                       UNITED STATES MAGISTRATE JUDGE